UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LARRY MOSES, | ) |
|         *Plaintiff,* | ) Civil Action No. 2:24-cv 1768-BWA-KWR |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| CITY OF NEW ORLEANS, *et al.* | ) |
| | ) Judge Barry W Ashe |
|         *Defendants.* | ) Magistrate Judge Karen Wells Roby |

## MEMORANDUM IN SUPPORT OF MOTION TO EXTEND TIME TO SERVE DECEASED DEFENDANTS

Plaintiff Larry Moses, by and through his counsel, moves for a 90-day extension of time to complete service upon Defendants Glynn Alexander, Patrick Jones, and John Ronquillo, stating as follows:

### INTRODUCTION AND BACKGROUND

This action concerns the wrongful conviction of Plaintiff Larry Moses who spent some 28 years imprisoned for a murder in New Orleans that he did not commit. Dkt. 1. The murder happened in 1994, Plaintiff was convicted in 1995, and it was not until 2023 that Plaintiff's wrongful conviction was vacated following the discovery of exculpatory evidence that had not been disclosed to the defense in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Soon after the charges against Moses were completely dismissed. This action, under 42 U.S.C. followed. *See* Complaint, Dkt. 1. This action names as defendants the City of New Orleans, four of its former police officers, the Orleans Parish District Attorney, and two former prosecutors. *Id.*

As may be expected in attempting to locate people whose actions were taken nearly 30 years ago, locating the proper defendants (some of whom have common names) and obtaining

1

service has posed some challenges. At current, Plaintiff has been able to serve or obtain waivers of service for five of the eight defendants. Dkts. 9, 10, 13, 14, 15.

During the course of this investigation, Plaintiff discovered that the remaining three individual Defendants—former NOPD officer John Ronquillo, former OPDA prosecutor Glynn Alexander, and former NOPD officer Patrick Jones—passed away prior to the filing of this action. Plaintiff has contemporaneously filed notices of suggestion of death for these three Defendants, starting the 90-day clock for substitution.

Accordingly, good cause having been shown, Plaintiff respectfully requests 90 additional days to complete service (by substitution) to permit the proper entities to be parties to this action.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 4, a Court "must extend the time for service for an appropriate period" where "the plaintiff shows good cause" for failing to complete service within the allotted time. FED. R. CIV. P. 4(m). A showing of "good cause" under Rule 4(m) requires the plaintiff to show "some reasonable basis for noncompliance within the time specified." *Gartin v. Par Pharm. Cos.*, 289 F. App'x 688, 692 (5th Cir. 2008) (per curiam).

In fact, "[e]ven if the plaintiff lacks good cause, the court has discretionary power to extend the time for service." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008). "A discretionary extension" is especially appropriate where "the applicable statute of limitations would bar the refiled action.'" *Id.* (citing FED. R. CIV. P. 4(m) advisory committee's note to 1993 amendment). In that situation, the denial of an extension of time "is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Thrasher v. City of Amarillo*, 709 F.3d 509, 512-13 (5th Cir. 2013) (cleaned up).

Good cause has been shown here and, even assuming good cause had not been shown, a discretionary extension is warranted.

First, Plaintiff has been diligent in seeking completing service. There are eight Defendants in this action, five of which have either been served or have completed waivers of service. Dkts. 9, 10, 13, 14, 15.  Plaintiff filed this lawsuit on July 15, 2024, Dkt. 1, and the deadline to complete service is on or about October 15, 2024, given the October 14, 2024 holiday. FED. R. CIV. P. 4(m).

As part of his investigation and efforts at completing service, Plaintiff discovered that the remaining three individual Defendants—John Ronquillo, Glynn Alexander, and Patrick Jones—passed away prior to the filing of this action. Contemporaneously with this motion, Plaintiff has, on his own, invoked the procedures of Rule 25 requiring substitution of service by estates or personal representatives for the deceased Defendants by filing notices of suggestion of death for each deceased Defendant. Dkts. 16, 17, 18. These notices provide a mechanism for quickly substituting the estates of the deceased defendants. Before filing this motion, Plaintiff's counsel has consulted with succession attorneys in New Orleans about the process and is moving expeditiously to determine whether prior successions have been filed, if they are still open, etc.[1]

These actions—the death of defendants before this action was filed and Plaintiff's diligence—amount to good cause.

Second, if the action were dismissed the statute of limitations could be invoked as an affirmative defense. Mr. Moses had one year from the date of his 2023 exoneration to bring suit. *See McDonough v. Smith,* 588 U.S. 109 (2019) (statute of limitations on wrongful prosecution

---

[1] It appears that Defendant Ronquillo had a succession opened and quickly closed but Plaintiff has been unable to locate any evidence of a succession for Defendants Jones or Alexander.

claims accrue with favorable termination of criminal proceedings); *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 421 (5th Cir. 2016) ("The statute of limitations for Section 1983 claims is 'the forum state's personal-injury limitations period,' which in Louisiana is one year." (quoting *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998)));

Dismissing this action now against these defendants—after the statute of limitations has run—could potentially preclude refiling or enable a statute-of-limitations defense, which militates against denying the motion. *Thrasher*, 709 F.3d at 512-13.

Finally, the amount of time sought for extension is limited. Plaintiff presently requests a 90-day extension of time in order to ensure sufficient time to finalize the necessary arrangements with all three deceased defendants, including time to resolve any unexpected issues which may arise with contacting their next of kin and selecting appropriate estate representatives.

## CONCLUSION

Plaintiff respectfully requests for a 90-day extension of time, until January 13, 2025 to complete service.

Respectfully submitted,

/s/David B. Owens

David B. Owens*
LOEVY & LOEVY
311 N. Aberdeen St 3FL
Chicago IL 60607
c/o Civil Rights and Justice Clinic
University of Washington Law School
William H. Gates Hall, Suite 265
P.O. Box 85110, Seattle, WA 98145-1110
david@loevy.com
*admitted pro hac vice

William Most, La. Bar No. 36914

4

Caroline Gabriel, La. Bar No. 38224
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
T: (504) 509-5023
williammost@gmail.com

**CERTIFICATE OF SERVICE**

    I, David B. Owens, an attorney, hereby certify that on October 15, 2024, I caused the foregoing document to be filed using the Court's CM/ECF system, which effected service on all counsel of record who have appeared in the case and that I also emailed a copy of the foregoing to:

    Matthew Paul - mjp@stanleyreuter.com
    Counsel for Defendants Allison Monahan and Jason R. Williams

    Corwin St. Raymond - cmstraymond@nola.gov
    Counsel for City of New Orleans

                                              /s/David B. Owens