UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LARRY MOSES, | ) |
|     *Plaintiff*, | ) Civil Action No. 2:24-cv 1768-BWA-KWR |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| CITY OF NEW ORLEANS, *et al.* | ) |
| | ) Judge Barry W Ashe |
|     *Defendants*. | ) Magistrate Judge Karen Wells Roby |

**MEMORANDUM IN SUPPORT OF MOTION TO EXTEND TIME
TO SERVE DECEASED DEFENDANT**

Plaintiff Larry Moses, by and through his counsel, moves for an extension of 41 days complete service upon Defendant John Ronquillo, stating as follows:

**INTRODUCTION AND BACKGROUND**

This action concerns the wrongful conviction of Plaintiff Larry Moses who spent some 28 years imprisoned for a murder in New Orleans that he did not commit. Dkt. 1. This action names as Defendants the City of New Orleans, four of its former police officers, the Orleans Parish District Attorney, and two former prosecutors. *Id.*

In October 2024, Plaintiff discovered that three individual Defendants—former NOPD officer John Ronquillo, former OPDA prosecutor Glynn Alexander, and former NOPD officer Patrick Jones—passed away prior to the filing of this action. Plaintiff filed notices of suggestion of death for these three Defendants on October 15, 2024, which began the 90-day clock for substitution. Dkts. 16, 17, 18.

On October 15, 2024, Plaintiff apprised this Court of the status of service, and the necessity to invoke substitution processes through a succession attorney due to the passing of

1

these three Defendants, and he moved for an extension of 90 days to complete service, Dkt. 19, which was granted by this Court, moving the deadline to complete service to January 13, 2025. Dkt. 20.

On December 9, 2024, the City of New Orleans filed a motion to dismiss. Plaintiff's response to that motion was extended, by agreement, to January 24, 2025. Dkt. 27. Plaintiff intends to respond by amending the complaint.

Amending the complaint on that day will also address some other issues that have arisen, both in discussions with counsel for the prosecutor defendants and due to deceased defendants. For example, through discussions with counsel for the OPDA prosecutor who has been served, Jason R. Williams, Plaintiff has agreed to dismiss OPDA prosecutor Defendants Allison Monahan, and Glynn Alexander—one of three Defendants who have passed away.

That leaves two Defendants from whom substitutions need to be made and upon whose estates service remains to be executed. Plaintiff intends to drop Jones from the suit with the amended complaint on January 24, 2025.

However, Plaintiff intends to substitute in the Estate of former officer Ronquillo with the amended complaint on January 24, 2025. Plaintiff has worked with local Succession counsel on this process (which took more investigation than previously anticipated).

By this motion, Plaintiff respectfully seeks 30 additional days after the amended complaint is filed on January 24, 2025, to effectuate service on the Estate of former NOPD officer Ronquillo, making the service deadline February 23, 2025.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 4, a Court "must extend the time for service

for an appropriate period" where "the plaintiff shows good cause" for failing to complete service within the allotted time. FED. R. CIV. P. 4(m). A showing of "good cause" under Rule 4(m) requires the plaintiff to show "some reasonable basis for noncompliance within the time specified." *Gartin v. Par Pharm. Cos.*, 289 F. App'x 688, 692 (5th Cir. 2008) (per curiam).

In fact, "[e]ven if the plaintiff lacks good cause, the court has discretionary power to extend the time for service." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008). "A discretionary extension" is especially appropriate where "the applicable statute of limitations would bar the refiled action.'" *Id*. (citing FED. R. CIV. P. 4(m) advisory committee's note to 1993 amendment). In that situation, the denial of an extension of time "is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Thrasher v. City of Amarillo*, 709 F.3d 509, 512-13 (5th Cir. 2013) (cleaned up).

Good cause for an extension exists here and, even assuming good cause had not been shown, a discretionary extension is warranted.

First, Plaintiff has expressed diligence in completing service and substitution. Out of eight Defendants named in this action, five have either been served or have completed waivers of service. Dkts. 9, 10, 13, 14, 15. Upon learning about the status of the remaining three Defendants, Plaintiff filed notices of substitution and took the appropriate steps to begin the substitution process. Given that Plaintiff will be filing an amended complaint by January 24, 2025, prompted by the City's motion to dismiss, Plaintiff intends to complete substitution at the time he amends his complaint. Furthermore, through successful conferrals with opposing counsel about trimming down the Defendants in this matter, Plaintiff intends to reflect the dismissal of the OPDA Defendants in his amended complaint. This prevents the parties and the Court from

3

expending time filing and reviewing another amended Complaint at a later date, and overall serves judicial economy. An additional 30 days after completing the substitution process should afford Plaintiff enough time to execute service on the Estate of John Ronquillo.

Even if it were not the case that time and resources are saved through an extension, undersigned counsel's schedule throughout the months of November and December further warrants an extension. Undersigned counsel spent the majority of the month of November preparing for a jury trial, and half of December litigating that trial in Las Vegas, Nevada (*Lobato v. LVMPD*, Case No. 2:19-cv-01273-RFB-EJY (Dis. Nev.)). The trial concluded on December 12, 2024, followed by the holidays.

Undersigned counsel has made counsel for the City Defendants and counsel for Defendant Allison Monahan aware of his intention to seek this extension, and they do not oppose this motion.

Given these events, good cause is met and an extension of time is warranted.

## CONCLUSION

Plaintiff respectfully requests until February 23, 2025—thirty days from the filing deadline of Plaintiff's first amended complaint—to complete service.

Respectfully submitted,

/s/David B. Owens

David B. Owens*
LOEVY & LOEVY
311 N. Aberdeen St 3FL
Chicago IL 60607
c/o Civil Rights and Justice Clinic
University of Washington Law School
William H. Gates Hall, Suite 265

4

P.O. Box 85110, Seattle, WA 98145-1110
david@loevy.com
*admitted pro hac vice

William Most, La. Bar No. 36914
Caroline Gabriel, La. Bar No. 38224
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
T: (504) 509-5023
williammost@gmail.com

## **CERTIFICATE OF SERVICE**

    I, David B. Owens, an attorney, hereby certify that on January 10, 2025, I caused the foregoing document to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

/s/David B. Owens