UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LARRY MOSES, | ) |
|     *Plaintiff,* | ) Civil Action No. 2:24-cv 1768-BWA-KWR |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| CITY OF NEW ORLEANS, *et al.* | ) |
| | ) Judge Barry W Ashe |
|     *Defendants.* | ) Magistrate Judge Karen Wells Roby |

## MEMORANDUM IN SUPPORT OF MOTION TO EXTEND TIME TO SERVE DEFENDANT JOHN RONQUILLO

Plaintiff Larry Moses, by and through his counsel, moves for an extension of 30 days complete service upon Defendant John Ronquillo and the Succession of John Ronquillo, stating as follows:

### INTRODUCTION AND BACKGROUND

This action concerns the wrongful conviction of Plaintiff Larry Moses who spent some 28 years imprisoned for a murder in New Orleans that he did not commit. Dkt. 1. This action originally named as Defendants the City of New Orleans, four of its former police officers, the Orleans Parish District Attorney, and two former prosecutors. *Id.*

In October 2024, Plaintiff discovered that three individual Defendants—former NOPD officer John Ronquillo, former OPDA prosecutor Glynn Alexander, and former NOPD officer Patrick Jones—passed away prior to the filing of this action. Plaintiff filed notices of suggestion of death for these three Defendants on October 15, 2024, which began the 90-day clock for substitution. Dkts. 16, 17, 18.

On October 15, 2024, Plaintiff apprised this Court of the status of service, and the

1

necessity to invoke substitution processes through a succession attorney due to the passing of these three Defendants, and he moved for an extension of 90 days to complete service, Dkt. 19, which was granted by this Court, moving the deadline to complete service to January 13, 2025. Dkt. 20.

In light of the City's motion to dismiss filed on December 9, 2024, counsel sought a second extension of time so he could response to the City's motion by filing an amended complaint and also substitute-in the Succession of former officer John Ronquillo with the amended complaint. That extension was granted and Plaintiff filed his amended complaint on January 24, 2025. Dkt. 30.

Since then, Plaintiff has been diligently trying to effectuate service on Mr. Ronquillo's Succession which have been unsuccessful. Those efforts are set out more fully in the Declaration of David B. Owens, attached as Exhibit 1.

By this motion, Plaintiff respectfully seeks a third extension of time, an additional 30 days, to effectuate service on the Succession of former NOPD officer Ronquillo, making the service deadline March 25, 2025.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 4, a Court "must extend the time for service for an appropriate period" where "the plaintiff shows good cause" for failing to complete service within the allotted time. FED. R. CIV. P. 4(m). A showing of "good cause" under Rule 4(m) requires the plaintiff to show "some reasonable basis for noncompliance within the time specified." *Gartin v. Par Pharm. Cos.*, 289 F. App'x 688, 692 (5th Cir. 2008) (per curiam).

In fact, "[e]ven if the plaintiff lacks good cause, the court has discretionary power to

extend the time for service." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008). "A discretionary extension" is especially appropriate where "the applicable statute of limitations would bar the refiled action.'" *Id*. (citing FED. R. CIV. P. 4(m) advisory committee's note to 1993 amendment). In that situation, the denial of an extension of time "is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Thrasher v. City of Amarillo*, 709 F.3d 509, 512-13 (5th Cir. 2013) (cleaned up).

The failure to complete service is not for lack of trying and there is good cause for an extension. Plaintiff's counsel also asked the attorney who handled the succession before this case was filed if Ms. Swensen could be served through her former attorney. Exhibit 1, ¶2. That route is unavailable. *Id.* ¶3. After that, five attempts to serve Ms. Swensen were made on the following dates and times: February 12, 2025 11:05 am; February 13, 2025, 7:25 pm; February 18, 2025, 7:22 pm; February 20, 2025, 9:04 am; and February 20, 2025, 7:34 pm. Plaintiff's counsel's support staff made two calls to Ms. Swensen on February 18th. Plaintiff has left messages with Ms. Swensen apprising her of the purpose of these efforts, too. On Friday, February 21, 2025, Ms. Swensen called Plaintiff's counsel's support staff, but did not say anything and hung up.

Plaintiff has hired process servers to conduct a "stake-out" at Ms. Swensen's residence in another attempt to serve her over the weekend of February 21st. These efforts did not work, either.

Considering the level of diligence Plaintiff has expressed in completing service, an extension of 30 days is warranted.

Defendants do not oppose this motion.

**CONCLUSION**

Plaintiff respectfully requests until March 25, 2025 to complete service in this matter.

Respectfully submitted,

/s/David B. Owens

David B. Owens*
LOEVY & LOEVY
311 N. Aberdeen St 3FL
Chicago IL 60607
c/o Civil Rights and Justice Clinic
University of Washington Law School
William H. Gates Hall, Suite 265
P.O. Box 85110, Seattle, WA 98145-1110
david@loevy.com
*admitted pro hac vice

William Most, La. Bar No. 36914
Caroline Gabriel, La. Bar No. 38224
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
T: (504) 509-5023
williammost@gmail.com

## **CERTIFICATE OF SERVICE**

    I, David B. Owens, an attorney, hereby certify that on February 24, 2025, I caused the foregoing document to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

/s/David B. Owens