UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LARRY MOSES, ) | |
| ) | |
|     *Plaintiff,* ) | Civil Action No. 2:24-cv-1768-BWA-KWR |
| v. ) | |
| ) | Section M |
| The CITY OF NEW ORLEANS, ) | Judge Barry W Ashe |
| WAYNE RUMORE, former New ) | |
| Orleans Police Detective, JOHN ) | Division 4 |
| RONQUILLO and THE SUCCESSION ) | Magistrate Judge Karen Wells Roby |
| OF JOHN RONQUILLO, former New ) | |
| Orleans Police Detective, PATRICK ) | |
| JONES, and THE SUCCESSION OF ) | |
| PATRICK JONES, former New Orleans ) | |
| Police Detective Sergeant, JAMES ) | |
| ANDERSON, former New Orleans ) | |
| Police Detective Sergeant, and JASON ) | |
| R. WILLIAMS, Orleans Parish District ) | |
| Attorney, ) | |
| ) | |
|     *Defendants.* ) | |
| ) | |

### NOTICE OF SUPPLEMENTAL AUTHORITY
### IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

Plaintiff, Larry Moses, by and through his attorneys, and in response to Defendants' Motions to Dismiss, states as follows:

### NOTICE

Both Defendant Jason R. Williams, in his official capacity as Orleans Parish District Attorney ("OPDA"), and the City of New Orleans (the "City"), have moved to dismiss the First Amended on the basis that Plaintiff has not pleaded sufficient facts state a claim upon which relief can be granted. Dkts. 34; 35.

Plaintiff filed his responses in opposition to these motions on Wednesday, February 26th, 2025. *See* Dkts. 38, 39.

1

On February 28, 2025, another Court in this district issued a decision considering a nearly identical motion filed by the Defendants in *Raymond Flanks v. The City of New Orleans*, No. 23-6897. That decision, attached as Exhibit 1, provides supplemental authority showing Defendants' motions in this matter should be denied.

*Flanks*, as here, involved a wrongful conviction for first-degree murder. Ex. 1, at 1. Flanks, as here, alleges OPDA violated his constitutional rights by withholding material, exculpatory evidence in violation of OPDA's obligations under *Brady v. Maryland*, 373 U.S. 83 (1963). *Id.* Flanks was convicted ten years before Mr. Moses, in 1985, while OPDA was under the same District Attorney Harry Connick. *Id.* at 1–2. In *Flanks* OPDA argued, as here, that Flanks had sufficiently pleaded his *Monell* claims. *Id.* at 7–10. The *Flanks* Court, as Plaintiff urges here, rejected both arguments.

In so doing, relevant to both Williams' motion, and that of the City in this case, the *Flanks* Court, recognized that a pattern of misconduct continuing after the plaintiff's conviction are relevant to evaluating the motion to dismiss. *See id.* at 21 (holding that OPDA's argument that the convictions in other cases must have been overturned before Flanks's conviction to put Connick on notice is "not supported by precedent"); *id.* at 22 ("Reversals occurring after a plaintiff's conviction are relevant in determining if there existed an unconstitutional custom in Connick's office and if he had actual or constructive notice of it.").

Second, the Court rejected a narrow reading at a pleading phase of what is required to sufficiently plead a widespread practice. *Id.* at 23 (explaining that there is no "bright line rule as to how many similar cases predating a defendant's conviction where courts have found *Brady* violations would be sufficient to demonstrate a custom of the OPDA violating *Brady*") (citations omitted); *id.* at 24 ("[E]xact similarity between cases is not mandatory to find a policymaker was

on notice of similar Constitutional violations."); *id.* at 26 ("The fact these cases all involve the withholding of potentially exculpatory witness statements is enough similarity at the motion to dismiss stage.").

Third, the *Flanks* Court recognized that allegations of Mr. Connick's expressed disdain for *Brady* demonstrates potential culpability and a causal link to Plaintiff's wrongful conviction sufficient to state a claim. *Id.* at 28–29 ("Connick's alleged affirmative conduct in expressing disdain for *Brady* and rebuffing suggestions to ensure compliance with *Brady* is more than heightened negligence, demonstrating potential culpability and a causal link between the alleged widespread practice of *Brady* violations and the *Brady* violation claimed by Plaintiff in this case.").

**WHEREFORE** Plaintiff respectfully submits the foregoing as supplemental authority in opposition to the Defendants' motions for summary judgment.

Respectfully submitted,

/s/David B. Owens

David B. Owens*
LOEVY & LOEVY
311 N. Aberdeen St 3FL
Chicago IL 60607
c/o Civil Rights and Justice Clinic
University of Washington Law School
William H. Gates Hall, Suite 265
P.O. Box 85110, Seattle, WA 98145-1110
david@loevy.com
*admitted pro hac vice

William Most, La. Bar No. 36914
Caroline Gabriel, La. Bar No. 38224
MOST & ASSOCIATES

**CERTIFICATE OF SERVICE**

I, David B. Owens, an attorney, certify that on March 3, 2025, I filed the attached Plaintiff's Response to Defendant OPDA's Motion to Dismiss and Defendant City of New Orleans Motion to Dismiss via the Court's CM/ECF system and thereby served a copy on all counsel of record.

/s/David B. Owens

5