## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LARRY MOSES, | Civil Action No. 24-01768 |
| *Plaintiff*, | |
| | Section M |
| v. | Judge Barry W. Ashe |
| | |
| THE CITY OF NEW ORLEANS, *et al.*, | Division 4 |
| | Magistrate Judge Karen Wells Roby |
| *Defendants*. | |

## <u>OPDA'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES</u>

Defendant Jason R. Williams, in his official capacity as Orleans Parish District Attorney ("OPDA"), through undersigned counsel, hereby pleads OPDA's answer and affirmative defenses to the First Amended Complaint by Plaintiff Larry Moses, Doc. No. 30.

### ANSWER

1.      It is admitted that Mr. Moses was convicted for two 1994 murders and incarcerated as a result. The allegations of Paragraph 1 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

2.      The allegations of Paragraph 2 are admitted.

3.      The allegations of Paragraph 3 are denied.

4.      The allegations of Paragraph 4 are denied for lack of knowledge or information sufficient to form a belief about their truth.

5.      It is admitted that OPDA does not contest the Court's subject matter jurisdiction over Mr. Moses's claims under 42 U.S.C. § 1983. The allegations of Paragraph 5 are otherwise denied.

6.      It is admitted that venue is proper in this Court. It is further admitted that Mr. Moses was prosecuted in Orleans Parish for a murder that occurred in Orleans Parish. The allegations of Paragraph 6 are otherwise denied.

7.      The allegations of Paragraph 7 are denied for lack of knowledge or information sufficient to form a belief about their truth.

8.      It is admitted that the City of New Orleans is a political subdivision of the State of Louisiana. The allegations of Paragraph 8 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

9.      The allegations of Paragraph 9 are denied for lack of knowledge or information sufficient to form a belief about their truth.

10.     The allegations of Paragraph 10 are denied for lack of knowledge or information sufficient to form a belief about their truth.

11.     It is admitted that Jason R. Williams is the Orleans Parish District Attorney and that Harry F. Connick, Sr., previously served as Orleans Parish District Attorney. It is further admitted that Mr. Williams is sued in his official capacity. The allegations concerning Mr. Williams's personal citizenship are denied as irrelevant.

12.     The allegations of Paragraph 12 are denied for lack of knowledge or information sufficient to form a belief about their truth.

13.     The allegations of Paragraph 13 are denied for lack of knowledge or information sufficient to form a belief about their truth.

14.     The allegations of Paragraph 14 are denied for lack of knowledge or information sufficient to form a belief about their truth.

15.     The allegations of Paragraph 15 are denied for lack of knowledge or information sufficient to form a belief about their truth.

16.     The allegations of Paragraph 16 are denied for lack of knowledge or information sufficient to form a belief about their truth.

17.     The allegations of Paragraph 17 are denied for lack of knowledge or information sufficient to form a belief about their truth.

18.     The allegations of Paragraph 18 are denied for lack of knowledge or information sufficient to form a belief about their truth.

19.     The allegations of Paragraph 19 are denied for lack of knowledge or information sufficient to form a belief about their truth.

20.     The allegations of Paragraph 20 are denied for lack of knowledge or information sufficient to form a belief about their truth.

21.     The allegations of Paragraph 21 are denied for lack of knowledge or information sufficient to form a belief about their truth.

22.     The allegations of Paragraph 22 are denied for lack of knowledge or information sufficient to form a belief about their truth.

23.     The allegations of Paragraph 23 are denied for lack of knowledge or information sufficient to form a belief about their truth.

24.     The allegations of Paragraph 24 are denied for lack of knowledge or information sufficient to form a belief about their truth.

25.     The allegations of Paragraph 25 are denied for lack of knowledge or information sufficient to form a belief about their truth.

26.     The allegations of Paragraph 26 are denied for lack of knowledge or information sufficient to form a belief about their truth.

27.     The allegations of Paragraph 27 are denied for lack of knowledge or information sufficient to form a belief about their truth.

28.     The allegations of Paragraph 28 are denied for lack of knowledge or information sufficient to form a belief about their truth.

29.     The allegations of Paragraph 29 are denied for lack of knowledge or information sufficient to form a belief about their truth.

30.     The allegations of Paragraph 30 are denied for lack of knowledge or information sufficient to form a belief about their truth.

31.     The allegations of Paragraph 31 are denied for lack of knowledge or information sufficient to form a belief about their truth.

32.     The allegations of Paragraph 32 are denied for lack of knowledge or information sufficient to form a belief about their truth.

33.     The allegations of Paragraph 33 are denied for lack of knowledge or information sufficient to form a belief about their truth.

34.     The allegations of Paragraph 34 are denied for lack of knowledge or information sufficient to form a belief about their truth.

35.     The allegations of Paragraph 35 are denied for lack of knowledge or information sufficient to form a belief about their truth.

36.     The allegations of Paragraph 36 are denied for lack of knowledge or information sufficient to form a belief about their truth.

37.     The allegations of Paragraph 37 are denied for lack of knowledge or information sufficient to form a belief about their truth.

38.     The allegations of Paragraph 38 are denied for lack of knowledge or information sufficient to form a belief about their truth.

39.     The allegations of Paragraph 39 are denied for lack of knowledge or information sufficient to form a belief about their truth.

40.     The allegations of Paragraph 40 are denied for lack of knowledge or information sufficient to form a belief about their truth.

41.     The allegations of Paragraph 41 are denied for lack of knowledge or information sufficient to form a belief about their truth.

42.     The allegations of Paragraph 42 are denied for lack of knowledge or information sufficient to form a belief about their truth.

43.     The allegations of Paragraph 43 are denied for lack of knowledge or information sufficient to form a belief about their truth.

44.     The allegations of Paragraph 44 are denied for lack of knowledge or information sufficient to form a belief about their truth.

45.     The allegations of Paragraph 45 are denied for lack of knowledge or information sufficient to form a belief about their truth.

46.     The allegations of Paragraph 46 are denied for lack of knowledge or information sufficient to form a belief about their truth.

47.     The allegations of Paragraph 47 are denied for lack of knowledge or information sufficient to form a belief about their truth.

48.     The allegations of Paragraph 48 are denied for lack of knowledge or information sufficient to form a belief about their truth.

49.     The allegations of Paragraph 49 are denied for lack of knowledge or information sufficient to form a belief about their truth.

50.     The allegations of Paragraph 50 are denied.

51.     The allegations of Paragraph 51 are denied for lack of knowledge or information sufficient to form a belief about their truth.

52.     The allegations of Paragraph 52 are denied for lack of knowledge or information sufficient to form a belief about their truth.

53.     The allegations of Paragraph 53 are denied for lack of knowledge or information sufficient to form a belief about their truth.

54.     The allegations of Paragraph 54 are denied for lack of knowledge or information sufficient to form a belief about their truth.

55.     The allegations of Paragraph 55 are denied for lack of knowledge or information sufficient to form a belief about their truth.

56.     The allegations of Paragraph 56 are denied for lack of knowledge or information sufficient to form a belief about their truth.

57.     The allegations of Paragraph 57 are denied for lack of knowledge or information sufficient to form a belief about their truth.

58.     The allegations of Paragraph 58 are denied for lack of knowledge or information sufficient to form a belief about their truth.

59.     The allegations of Paragraph 59 are denied for lack of knowledge or information sufficient to form a belief about their truth.

60.     The allegations of Paragraph 60 are denied for lack of knowledge or information sufficient to form a belief about their truth.

61.     It is admitted that Mr. Moses was charged with murder and prosecuted by the State of Louisiana, represented by Orleans Parish Assistant District Attorneys. The allegations of Paragraph 61 are otherwise denied.

62.     It is denied that any person associated with OPDA who was involved in the grand jury proceedings had any reason to know, believe, or suspect that they were "predicated upon fabrications" made by witnesses. The allegations of Paragraph 62 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

63.     The allegations of Paragraph 63 are denied.

64.     The allegations of Paragraph 64 are denied.

65.     It is admitted that Mr. Moses did not plead guilty and therefore went to trial on the murder charge. The allegations of Paragraph 65 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

66.     The allegations of Paragraph 66 are denied for lack of knowledge or information sufficient to form a belief about their truth.

67.     The allegations of Paragraph 67 are denied for lack of knowledge or information sufficient to form a belief about their truth.

68.     The allegations of Paragraph 68 are denied as too vague to permit a response, considering that they do not distinguish between "the Defendants" and do not adequately identify the "Stamps *Brady* Material."

69.     The allegations of Paragraph 69 are denied as too vague to permit a response, considering that they do not adequately identify the "Stamps *Brady* Material."

70.     The allegations of Paragraph 70 are denied.

71.     It is admitted that Wayne Rumore, John Ronquillo, Frederick Stamps, and June Hayes testified at Mr. Moses's trial. The allegations of Paragraph 71 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

72.     The allegations of Paragraph 72 are denied for lack of knowledge or information sufficient to form a belief about their truth.

73.     The allegations of Paragraph 73 are denied.

74.     The allegations of Paragraph 74 are admitted.

75.     The allegations of Paragraph 75 are denied for lack of knowledge or information sufficient to form a belief about their truth.

76.     The allegations of Paragraph 76 are denied for lack of knowledge or information sufficient to form a belief about their truth.

77.     The allegations of Paragraph 77 are denied for lack of knowledge or information sufficient to form a belief about their truth.

78.     The allegations of Paragraph 78 are denied.

79.     The allegations of Paragraph 79 are denied.

80.     The allegations of Paragraph 80 are denied.

81.     The allegations of Paragraph 81 are denied.

82.     The allegations of Paragraph 82 are denied.

83.     The allegations of Paragraph 83 are denied.

84.     The allegations of Paragraph 84 are denied for lack of knowledge or information sufficient to form a belief about their truth.

85. It is admitted that a "Joint Agreement and Motion to Vacate Conviction" filed in October 2022 on behalf of Bernell Juluke, Kunta Gable, Leroy Nelson, and the State of Louisiana, in Case No. 372-656 in Orleans Parish Criminal District Court, stated: "The State tried this case without disclosing exculpatory evidence that suggested these three defendants were not the perpetrators of this crime and impeachment evidence that further undermined . . . the only eyewitness to testify at trial." The allegations of Paragraph 85 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

86. It is denied that NOPD had a widespread practice of failing to document and disclose exculpatory and impeachment evidence. The allegations of Paragraph 86 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

87. The allegations of Paragraph 87 are denied.

88. The allegations of Paragraph 88 are denied for lack of knowledge or information sufficient to form a belief about their truth.

89. The allegations of Paragraph 89 are denied for lack of knowledge or information sufficient to form a belief about their truth.

90. The allegations of Paragraph 90 are denied for lack of knowledge or information sufficient to form a belief about their truth.

91. The allegations of Paragraph 91 are denied for lack of knowledge or information sufficient to form a belief about their truth.

92. The allegations of Paragraph 92 are denied for lack of knowledge or information sufficient to form a belief about their truth.

93. The allegations of Paragraph 93 are denied for lack of knowledge or information sufficient to form a belief about their truth.

94.     The allegations of Paragraph 94 are denied for lack of knowledge or information sufficient to form a belief about their truth.

95.     The allegations of Paragraph 95 are denied for lack of knowledge or information sufficient to form a belief about their truth.

96.     The allegations of Paragraph 96 are denied for lack of knowledge or information sufficient to form a belief about their truth.

97.     The allegations of Paragraph 97 are denied for lack of knowledge or information sufficient to form a belief about their truth.

98.     The allegations of Paragraph 98 are denied for lack of knowledge or information sufficient to form a belief about their truth.

99.     The allegations of Paragraph 99 are denied for lack of knowledge or information sufficient to form a belief about their truth.

100.     The allegations of Paragraph 100 are denied for lack of knowledge or information sufficient to form a belief about their truth.

101.     The allegations of Paragraph 101 are denied for lack of knowledge or information sufficient to form a belief about their truth.

102.     The allegations of Paragraph 102 are denied for lack of knowledge or information sufficient to form a belief about their truth.

103.     The allegations of Paragraph 103 are denied for lack of knowledge or information sufficient to form a belief about their truth.

104.     The allegations of Paragraph 104 are denied for lack of knowledge or information sufficient to form a belief about their truth.

105.    The allegations of Paragraph 105 are denied for lack of knowledge or information sufficient to form a belief about their truth.

106.    The allegations of Paragraph 106 are denied for lack of knowledge or information sufficient to form a belief about their truth.

107.    The allegations of Paragraph 107 are denied for lack of knowledge or information sufficient to form a belief about their truth.

108.    The allegations of Paragraph 108 are denied for lack of knowledge or information sufficient to form a belief about their truth.

109.    The allegations of Paragraph 109 are denied for lack of knowledge or information sufficient to form a belief about their truth.

110.    The allegations of Paragraph 110 are denied for lack of knowledge or information sufficient to form a belief about their truth.

111.    The allegations of Paragraph 111 are denied for lack of knowledge or information sufficient to form a belief about their truth.

112.    It is denied that exculpatory evidence was withheld from Mr. Moses. It is further denied that the City of New Orleans or the NOPD had a systemic pattern and practice of unconstitutionally obtained *Brady* violations by NOPD officers. The allegations of Paragraph 112 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

113.    The allegations of Paragraph 113 are denied.

114.    The allegations of Paragraph 114 are denied.

115.    The allegations of Paragraph 115 are denied.

116.    The allegations of Paragraph 116 are denied.

117.    It is admitted that the allegations of Paragraph 117 are a partially correct, yet incomplete, statement of the law concerning the constitutional disclosure obligations of prosecutors. Paragraph 117 is therefore denied.

118.    It is admitted that the allegations of Paragraph 118 are a partially correct, yet incomplete, statement of the law concerning the constitutional disclosure obligations of prosecutors. Paragraph 118 is therefore denied.

119.    It is admitted that the allegations of Paragraph 119 are a partially correct, yet incomplete, statement of the law concerning the constitutional disclosure obligations of prosecutors. Paragraph 119 is therefore denied.

120.    It is admitted that the allegations of Paragraph 120 are a partially correct, yet incomplete, statement of the law concerning the constitutional disclosure obligations of prosecutors. Paragraph 120 is therefore denied.

121.    It is admitted that the allegations of Paragraph 121 are a partially correct, yet incomplete, statement of the law concerning the constitutional disclosure obligations of prosecutors. Paragraph 121 is therefore denied.

122.    It is admitted that the allegations of Paragraph 122 are a partially correct, yet incomplete, statement of the law concerning the constitutional disclosure obligations of prosecutors. Paragraph 122 is therefore denied.

123.    The allegations of Paragraph 123 are denied as too vague and generalized to permit a response.

124.    The allegations of Paragraph 124 are denied as too vague and generalized to permit a response.

125.    The allegations of Paragraph 125 are denied.

126.    The allegations of Paragraph 126 are denied.

127.    The allegations of Paragraph 127 are denied.

128.    The allegations of Paragraph 128 are denied.

129.    The allegations of Paragraph 129 are denied.

130.    The allegations of Paragraph 130 are denied.

131.    The allegations of Paragraph 131 are denied.

132.    The allegations of Paragraph 132 are denied.

133.    It is admitted that, in a January 12, 1998 letter to Judge Calvin Johnson, District Attorney Harry Connick wrote: "Without getting into a lengthy legal discussion of Brady let me say that what sometimes is or is not Brady is not etched in large black letters on a field of white. What some judges, or courts, consider to be Brady is sometimes ridiculous to the extreme. The United States Supreme Court, as you are aware, is unable to reach a unanimous opinion in this regard. The issue is not one that lends itself to quick and unanimous opinion." The allegations of Paragraph 133 are otherwise denied.

134.    The allegations of Paragraph 134 are denied.

135.    The allegations of Paragraph 135 are denied.

136.    The allegations of Paragraph 136 are denied.

137.    The allegations of Paragraph 137 are denied.

138.    The allegations of Paragraph 138 are denied.

139.    The allegations of Paragraph 139 are denied.

140.    It is admitted that the decision in *Kyles v. Whitley*, 514 U.S. 419 (1995), was decided in April 1995, approximately six months before Mr. Moses's trial. The allegations of Paragraph 140 are otherwise denied.

141.    The allegations of Paragraph 141 are denied.

142.    The allegations of Paragraph 142 are denied.

143.    The allegations of Paragraph 143 are denied.

144.    The allegations of Paragraph 144 are denied for lack of knowledge or information sufficient to form a belief about their truth.

145.    The allegations of Paragraph 145 are denied.

146.    It is admitted that in March 2023, Mr. Moses filed an application for post-conviction relief in Orleans Parish Criminal District Court. The allegations of Paragraph 146 are otherwise denied.

147.    It is admitted that the quoted material in Paragraph 147 contains a partial, incomplete portion of the May 25, 2023 ruling on Mr. Moses's application for post-conviction relief. The allegations of Paragraph 147 are otherwise denied.

148.    It is admitted that the quoted material in Paragraph 148 contains a partial, incomplete portion of the May 25, 2023 ruling on Mr. Moses's application for post-conviction relief. The allegations of Paragraph 148 are otherwise denied.

149.    It is admitted that the May 25, 2023 ruling on Mr. Moses's application for post-conviction relief found, among other things, that "the prosecution knew about the multiple inconsistencies in Mr. Stamps' statements," including "Mr. Stamps' changing story regarding Gail Jenkins' involvement in the May 25, 1994 alleged robbery and beating and his relationship to Ms. Jenkins." The allegations of Paragraph 149 are otherwise denied.

150.    It is admitted that the May 25, 2023 ruling on Mr. Moses's application for post-conviction relief found, among other things, that "the prosecution knew about the multiple inconsistencies in Mr. Stamps' statements," including "Mr. Stamps' changing story regarding Gail

Jenkins' involvement in the May 25, 1994 alleged robbery and beating and his relationship to Ms. Jenkins." The allegations of Paragraph 150 are otherwise denied.

151.    It is admitted that the quoted material in Paragraph 151 contains a partial, incomplete portion of the May 25, 2023 ruling on Mr. Moses's application for post-conviction relief. The allegations of Paragraph 151 are otherwise denied.

152.    It is admitted that the quoted material in Paragraph 152 contains a partial, incomplete portion of the May 25, 2023 ruling on Mr. Moses's application for post-conviction relief. The allegations of Paragraph 152 are otherwise denied.

153.    It is admitted that Mr. Moses's convictions were vacated in May 2023 but the murder charges against him were not dismissed at that time. The allegations of Paragraph 153 are otherwise denied.

154.    The allegations of Paragraph 154 are admitted.

155.    The allegations of Paragraph 155 are denied for lack of knowledge or information sufficient to form a belief about their truth.

156.    OPDA restates and incorporates its responses contained in all preceding paragraphs.

157.    It is denied that exculpatory evidence was withheld from Mr. Moses. The allegations of Paragraph 157 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

158.    The allegations of Paragraph 158 are denied for lack of knowledge or information sufficient to form a belief about their truth.

159.    It is denied that exculpatory evidence was withheld from Mr. Moses. The allegations of Paragraph 159 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

86 (misnumbered).    The allegations of Paragraph 86 (misnumbered) are denied.

87 (misnumbered).    The allegations of Paragraph 87 (misnumbered) are denied for lack of knowledge or information sufficient to form a belief about their truth.

160.    The allegations of Paragraph 160 are denied for lack of knowledge or information sufficient to form a belief about their truth.

161.    The allegations of Paragraph 161 are denied.

162.    The allegations of Paragraph 162 are denied for lack of knowledge or information sufficient to form a belief about their truth.

163.    OPDA restates and incorporates its responses contained in all preceding paragraphs.

164.    The allegations of Paragraph 164 are denied for lack of knowledge or information sufficient to form a belief about their truth.

165.    The allegations of Paragraph 165 are denied for lack of knowledge or information sufficient to form a belief about their truth.

166.    The allegations of Paragraph 166 are denied for lack of knowledge or information sufficient to form a belief about their truth.

167.    The allegations of Paragraph 167 are denied for lack of knowledge or information sufficient to form a belief about their truth.

168.    The allegations of Paragraph 168 are denied for lack of knowledge or information sufficient to form a belief about their truth.

169.    OPDA restates and incorporates its responses contained in all preceding paragraphs.

170.    The allegations of Paragraph 170 are denied for lack of knowledge or information sufficient to form a belief about their truth.

171.    The allegations of Paragraph 171 are denied for lack of knowledge or information sufficient to form a belief about their truth.

172.    The allegations of Paragraph 172 are denied for lack of knowledge or information sufficient to form a belief about their truth.

173.    The allegations of Paragraph 173 are denied for lack of knowledge or information sufficient to form a belief about their truth.

174.    The allegations of Paragraph 174 are denied for lack of knowledge or information sufficient to form a belief about their truth.

175.    OPDA restates and incorporates its responses contained in all preceding paragraphs.

176.    The allegations of Paragraph 176 are denied for lack of knowledge or information sufficient to form a belief about their truth.

177.    It is denied that exculpatory evidence was withheld from Mr. Moses. The allegations of Paragraph 177 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

178.    The allegations of Paragraph 178 are denied for lack of knowledge or information sufficient to form a belief about their truth.

179.   It is denied that exculpatory evidence was withheld from Mr. Moses. The allegations of Paragraph 179 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

180.   It is denied that exculpatory evidence was withheld from Mr. Moses. The allegations of Paragraph 180 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

181.   The allegations of Paragraph 181 are denied for lack of knowledge or information sufficient to form a belief about their truth.

182.   The allegations of Paragraph 182 are denied for lack of knowledge or information sufficient to form a belief about their truth.

183.   OPDA restates and incorporates its responses contained in all preceding paragraphs.

184.   The allegations of Paragraph 184 are denied.

185.   The allegations of Paragraph 185 are denied because, in context, the word "responsible" is vague and ambiguous.

186.   The allegations of Paragraph 186 are denied.

187.   The allegations of Paragraph 187 are denied.

188.   The allegations of Paragraph 188 are denied.

189.   The allegations of Paragraph 189 are denied.

190.   The allegations of Paragraph 190 are denied.

191.   The allegations of Paragraph 191 are denied.

192.   The allegations of Paragraph 192 are denied.

193.   The allegations of Paragraph 193 are denied.

194.    The allegations of Paragraph 194 are denied.

195.    The allegations of Paragraph 195 are denied.

196.    The allegations of Paragraph 196 are denied.

197.    The allegations of Paragraph 197 are denied.

198.    OPDA restates and incorporates its responses contained in all preceding paragraphs.

199.    The allegations of Paragraph 199 are denied for lack of knowledge or information sufficient to form a belief about their truth.

200.    The allegations of Paragraph 200 are denied for lack of knowledge or information sufficient to form a belief about their truth.

201.    The allegations of Paragraph 201 are denied for lack of knowledge or information sufficient to form a belief about their truth.

202.    The allegations of Paragraph 202 are denied for lack of knowledge or information sufficient to form a belief about their truth.

203.    The allegations of Paragraph 203 are denied for lack of knowledge or information sufficient to form a belief about their truth.

204.    The allegations of Paragraph 204 are denied for lack of knowledge or information sufficient to form a belief about their truth.

205.    The allegations of Paragraph 205 are denied for lack of knowledge or information sufficient to form a belief about their truth.

206.    It is denied that the City of New Orleans or the NOPD had widespread practices and customs causing exculpatory evidence to be withheld from criminal defendants or suspects.

The allegations of Paragraph 206 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

207.    The allegations of Paragraph 207 are denied for lack of knowledge or information sufficient to form a belief about their truth.

208.    The allegations of Paragraph 208 are denied for lack of knowledge or information sufficient to form a belief about their truth.

209.    The allegations of Paragraph 209 are denied for lack of knowledge or information sufficient to form a belief about their truth.

210.    The allegations of Paragraph 210 are denied for lack of knowledge or information sufficient to form a belief about their truth.

211.    OPDA restates and incorporates its responses contained in all preceding paragraphs.

212.    It is admitted that Article I, section 2 of the Louisiana Constitution provides that "No person shall be deprived of life, liberty, or property, except by due process of law." It is further admitted that Article I, section 3 of the Louisiana Constitution provides that "No person shall be denied the equal protection of the laws." It is further admitted that Article I, section 5 of the Louisiana Constitution provides that "Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy." It is further admitted that Article I, section 12 of the Louisiana Constitution provides that "In access to public areas, accommodations, and facilities, every person shall be free from discrimination based on race, religion, or national ancestry and from arbitrary, capricious, or unreasonable discrimination based on age, sex, or physical condition." It is further admitted that Article I, section 20 of the Louisiana Constitution provides that "No law shall subject any person

to euthanasia, to torture, or to cruel, excessive, or unusual punishment." It is further admitted that other rights are recognized by other provisions of the Louisiana Constitution. The allegations of Paragraph 212 are otherwise denied.

213. The allegations of Paragraph 213 are denied.

214. The allegations of Paragraph 214 are denied.

215. OPDA restates and incorporates its responses contained in all preceding paragraphs.

216. It is denied that Louisiana tort law imposes duties on police officers as alleged in Paragraph 216.

217. It is denied that Louisiana tort law imposes duties on prosecutors as alleged in Paragraph 217.

218. It is denied that exculpatory evidence was withheld from Mr. Moses. The allegations of Paragraph 218 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

219. The allegations of Paragraph 219 are denied for lack of knowledge or information sufficient to form a belief about their truth.

220. The allegations of Paragraph 220 are denied for lack of knowledge or information sufficient to form a belief about their truth.

221. OPDA restates and incorporates its responses contained in all preceding paragraphs.

222. The allegations of Paragraph 222 are denied for lack of knowledge or information sufficient to form a belief about their truth.

223.    The allegations of Paragraph 223 are denied for lack of knowledge or information sufficient to form a belief about their truth.

224.    The allegations of Paragraph 224 are denied for lack of knowledge or information sufficient to form a belief about their truth.

225.    OPDA restates and incorporates its responses contained in all preceding paragraphs.

226.    The allegations of Paragraph 226 are denied for lack of knowledge or information sufficient to form a belief about their truth.

227.    The allegations of Paragraph 227 are denied for lack of knowledge or information sufficient to form a belief about their truth.

228.    OPDA respectfully requests that judgment be entered in its favor, and against Mr. Moses, dismissing Mr. Moses's claims with prejudice at his sole cost and awarding OPDA all general and equitable relief appropriate under the law.

229.    No response to Mr. Moses's demand for a jury trial is required.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Mr. Williams, in his official capacity as Orleans Parish District Attorney, is not liable for any alleged violation of Mr. Moses's constitutional rights because any such violation was not caused by a policy, practice, or custom of the Orleans Parish District Attorney's Office.

### Second Affirmative Defense

Mr. Williams, in his official capacity as Orleans Parish District Attorney, is not liable for any alleged violation of Mr. Moses's constitutional rights because any such violation was not caused by a deliberately indifferent failure to train, supervise, or discipline employees of the Orleans Parish District Attorney's Office.

### Third Affirmative Defense

Mr. Williams, in his official capacity as Orleans Parish District Attorney, is not liable for any alleged violation of Mr. Moses's constitutional rights because his office is an arm of the State of Louisiana, both in general and with respect to the specific activities of prosecuting crimes against the State of Louisiana, disclosure of evidence in connection with such prosecutions, and creating policies with respect to disclosure of evidence (including policies regarding training, supervision, and discipline). Mr. Moses's claims are therefore barred by the Eleventh Amendment/sovereign immunity.

### Fourth Affirmative Defense

Mr. Williams, in his official capacity as Orleans Parish District Attorney, is not liable for any alleged violation of Mr. Moses's constitutional rights because he and his employees act on behalf of the State of Louisiana (or, alternatively, on behalf of Orleans Parish) when prosecuting crimes against the State of Louisiana, making decision regarding disclosure of evidence in connection with such prosecutions, and creating policies with respect to disclosure of evidence (including policies regarding training, supervision, and discipline). Accordingly, the actions and policies alleged by Mr. Moses are attributable to the State of Louisiana or Orleans Parish, not the district attorney's office as an independent municipal entity.

### Fifth Affirmative Defense

Mr. Moses's alleged damages, if any, were caused, either in whole or in part, by his own fault and by the errors, acts, omissions, negligence, or fault of third parties for whom Mr. Williams, in his official capacity as Orleans Parish District Attorney, is not responsible. For example, Mr. Moses has previously argued that his trial counsel rendered constitutionally ineffective assistance and that, but for this deficient performance, the results of his trial would have been different. Mr. Moses has argued that his trial counsel "flat out failed to fulfill his duty as an advocate," neglecting

to investigate the background of the State's witnesses and to emphasize "obvious discrepancies between the testimony" of the witnesses at trial. Mr. Moses has also argued that his trial counsel failed to interview or investigate numerous alibi witnesses. Mr. Moses even filed a lawsuit against his former trial counsel in 2019, alleging that his former trial counsel "aided the state in securing a conviction against [him]" and "deliberately failed to investigate the psychiatric history of the state's key witness."

### Sixth Affirmative Defense

On information and belief, Mr. Moses has failed to mitigate his alleged damages.

Respectfully submitted,

*/s/ Matthew J. Paul*
W. Raley Alford, III, 27354
Matthew J. Paul, 37004
Inga C. Petrovich, 31284
STANLEY REUTER ALFORD
  OWEN MUNSON & PAUL, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: (504) 523-1580
Facsimile:  (504) 524-0069
wra@stanleyreuter.com
mjp@stanleyreuter.com
icp@stanleyreuter.com

*Counsel for Jason R. Williams (in his official capacity as Orleans Parish District Attorney)*